[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 46, and the defendant wife, 44, were married on December 6, 1969, at Stamford, Connecticut. They had two children, now both adults. Both parties enjoy good health. The plaintiff moved from the marital home about 18 months ago. CT Page 2543
At the beginning of the marriage, the plaintiff described problems with the consumption of alcoholic beverages that resulted in binges. He joined Alcoholics Anonymous and stated he has not consumed any alcoholic beverage for the last eight years. Did this problem contribute to the marriage breakdown? No. In fact, the defendant was supportive of plaintiff's efforts to conquer his alcohol problem. Later in the marriage when the defendant was experiencing emotional upset, the plaintiff did not display any significant support or understanding.
The plaintiff has been a self-employed heating and air conditioning licensed contractor d/b/a Colonial Heating and Air Conditioning for the last fifteen years, operating the business from the garage located at the parties' present home, 1009 Kettletown Road, Southbury, CT. Prior thereto, the plaintiff had been employed as a serviceman for another heating contractor for ten years. He also held a real estate agent's license for a short period of time.
The defendant was employed by Bridgeport Jai-Alai evenings for ten years. Except for periods of time after the birth of their children, the defendant was employed. Since 1985, the defendant has been a licensed real estate agent. She also kept plaintiff's books of account.
As a result of plaintiff's participation in the town's Parks Recreation winter volleyball league, he met Cathy McWilliams. They became friends. The plaintiff would entertain the winter league members at the parties' home during the summer, playing volleyball and lounging about the pool. This relationship began in 1987 or 1988. The plaintiff claimed his relationship with Mrs. McWilliams remained purely platonic until late October 1992, when they first engaged in sexual relations. The plaintiff claimed the marriage had irretrievably broken down by January 1992, which the plaintiff attributes to the emotional upsets being experienced by the defendant which he said the defendant labelled "p.m.s."
The parties bought their first house in Bridgeport which they sold in order to buy their current home, which cost about $72,000 in 1978. Since then, the kitchen and bath have been remodeled, a barn erected, a satellite dish installed, an inground pool added and the exterior was resided. There are currently two mortgages on the property, a first for $46,000 and a second home equity loan for $20,000. Two Aruba time shares CT Page 2544 valued at $11,000 and $2,500 were acquired.
The parties dispute when the breakdown of the marriage occurred. The plaintiff attributes it to the defendant's mood swings and depression which developed around 1987 or 1988.
The defendant attributes the breakdown to the stress of her real estate work for which she sought treatment from her gynecologist. The defendant was started on Prozac, a walking regimen and vitamins. In the beginning of September, 1992, the defendant accused the plaintiff of seeing another woman, which he denied. The plaintiff had asked for a divorce in late June 1992 and the defendant requested he wait.
The court concludes that the plaintiff's affections were redirected to Mrs. McWilliams, accounting for his lack of support for defendant or for the counselling process that the parties had begun. The defendant described the plaintiff's phone calls made early in the morning or late at night and of being out all day during the business' slow season. The defendant's suspicions were well founded.
The plaintiff maintains health insurance for himself, the defendant and their adult son. The COBRA coverage for defendant will cost $161. monthly for 18 months maximum extension if the defendant cannot obtain coverage.
The court has reviewed the evidence and considered the statutory criteria. The following judgment is entered.
1. A decree is entered dissolving the parties' marriage on the ground of irretrievable breakdown.
2. The defendant is awarded sole ownership and possession of the real estate known as 1009 Kettletown Road, Southbury, CT. She shall assume the mortgage balances. A quit claim deed containing a grantee assumption clause shall be prepared and executed and delivered by the plaintiff. The plaintiff shall be allowed a reasonable time to relocate his business, not exceeding 60 days.
3. The defendant is awarded the contents of the said real estate except for the following items which are itemized on plaintiff's Exhibit #6: CT Page 2545
a) Clothes left at house
b) Desk
c) Large filing cabinet
d) Electric typewriter
e) Satellite receiver and components
f) Drop leaf table
g) Old secretary
h) Old glassware
i) Old china
j) Plant table
k) Old dresser table
l) Refrigerator in basement
m) Plaintiff's tools of his trade
n) Christmas carol
o) All shop equipment in garage
p) 50% of pictures, pick alternatively if need be
4. The plaintiff is awarded sole ownership of both Aruba time share condo units. The defendant shall execute such documents necessary to release her interest to the plaintiff.
5. The defendant is awarded 50% of the three I.R.A. accounts at People's Bank. This court order allows a nontaxable transfer to the defendant and the plaintiff is charged with the responsibility to carry out such transfer without creating a tax problem.
6. The plaintiff shall pay to the defendant the sum of $200. weekly as periodic alimony until the defendant's remarriage or the death of either party.[1]
CT Page 2546
7. The plaintiff's present term policy written by The Franklin shall list the defendant as primary beneficiary for $50,000 for an initial period of 5 years and for $25,000 for a second final 5 year period. Proof of coverage shall be provided to the defendant by the plaintiff and the company as well as proof of premium payments. Upon termination of the alimony obligation within such 10 year period this obligation shall also terminate.
8. The plaintiff shall cooperate with the defendant if she elects to continue her coverage on the plaintiff's health insurance pursuant to COBRA and the plaintiff shall pay as additional alimony, $80. monthly to defendant to defray her premium expense if she so elects coverage. This obligation shall also terminate during the COBRA term of coverage if the periodic alimony obligation is terminated.
9. The plaintiff shall assign ownership of the 1984 Chrysler New Yorker auto to the defendant. The plaintiff shall pay any overdue town tax levied on the auto and deliver receipt for same to the defendant to facilitate its registration by the defendant.
10. The parties shall otherwise retain their remaining assets not assigned above.
11. The plaintiff shall pay the debts listed on his financial affidavit.
12. The defendant shall pay the debts listed on her financial affidavit.
13. The plaintiff shall pay to the defendant the sum of $2,500. as an allowance to defend this action, payments to be made in equal amounts on June 1, 1994, and October 1, 1994.
Counsel for the plaintiff is directed to prepare the judgment file.
/s/ Harrigan HARRIGAN, J.